**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-23-01236-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Tanpri Media & Arts Incorporated, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Jason Crews's *Ex Parte* Application for Subpoenas *Duces Tecum* for Post Judgment Discovery, in which Plaintiff asks the Court to issue subpoenas *duces tecum* so that he can "obtain evidence which he believes to be in the possession of third parties for the purposes of judgment enforcement against Judgment Debtors." (Doc. 32.)

Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to obtain discovery from "any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Rule 45(c)(2)(A) provides that a party may seek "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person [from whom production is sought] resides, is employed, or regularly transacts business in person." And the Court's General Order 18-19 provides the method by which a self-represented party, such as Plaintiff here, requests issuance of a subpoena from the Court.[1]

---

[1] While Plaintiff properly requested issuance of the subpoenas from this Court as the Court where the action was litigated, Fed. R. Civ. P. 45(a)(2), any action to enforce a

1   The form of the subpoenas *duces tecum* provided by Plaintiff is improper. Rule
2   45(c)(2)(A) provides that a subpoena may only command production of documents or
3   electronically stored information at "a place." While the Court ordinarily leaves an issued
4   subpoena blank except for the Clerk of Court's signature under Rule 45(a)(3), the Court's
5   General Order 18-19 requires a self-represented litigant to "attach a copy of the proposed
6   subpoena" as well as "set forth the name and address of the witness to be subpoenaed and
7   the custodian . . . of any documents requested."

8   Plaintiff's proposed subpoenas do not list "a place" where the documents or
9   electronically stored information shall be produced, but rather an e-mail address. (Doc. 32-
10  3–7.) The Advisory Committee Notes to the 2013 amendment to Federal Rule of Civil
11  Procedure 45(c)(2) reiterate that a party requesting documents and electronically stored
12  information must specify "a place within 100 miles of where the person subject to the
13  subpoena resides, is employed, or regularly conducts business in person," noting that the
14  parties may then make arrangements to transmit electronically stored information by
15  electronic means. But an e-mail address is not "a place" for the purposes of a subpoena
16  *duces tecum. See In re Kirkland*, 75 F.4th 1030, 1042 (9th Cir. 2023) (stating "place of
17  compliance" under Rule 45(c) could not be brought within the 100-mile limit by specifying
18  compliance by electronic means). Where, as here, the place of compliance specified is an
19  e-mail address, it is unclear which District would be that within which compliance with the
20  subpoena is required, and therefore the District in which an enforcement action must be
21  brought under Rule 45(d)(1).

22  Plaintiff's request for subpoenas *duces tecum* also does not specify the addresses of
23  the parties subject to the subpoenas or the custodians of the documents requested, as
24  General Order 18-19 requires.

25  For these reasons, the Court will deny Plaintiff's Application for Subpoenas *Duces*
26  *Tecum* with leave to refile.

27

28
_____
subpoena must be brought in the District where compliance with the subpoena is sought,
Fed. R. Civ. P. 45(d)(1).

**IT IS THEREFORE ORDERED** denying Plaintiff's *Ex Parte* Application for Subpoenas *Duces Tecum* for Post Judgment Discovery (Doc. 32) with leave to refile in accordance with this Order, Federal Rule of Civil Procedure 45, and General Order 18-19.

Dated this 25th day of April, 2024.

_____
Honorable John J. Tuchi
United States District Judge