**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-23-01236-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Tanpri Media & Arts Incorporated, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Jason Crews's renewed *Ex Parte* Application for Subpoenas *Duces Tecum* for Post Judgment Discovery, in which Plaintiff asks the Court to issue subpoenas *duces tecum* so that he can "obtain evidence which he believes to be in the possession of third parties for the purposes of judgment enforcement against Judgment Debtors." (Doc. 35.)

The Court entered an Order (Doc. 33) rejecting Plaintiff's prior Application (Doc. 32) because it improperly listed the place of compliance of the subpoenas as Plaintiff's e-mail address and did not list the addresses of the parties subject to the subpoenas or the custodians of the documents requested, as the Court's General Order 18-19 requires. In the present version of the subpoenas, Plaintiff lists his own address in Gilbert, Arizona, as the place of compliance and still fails to list the addresses of the parties subject to the subpoenas or their custodians.

As the Court stated in its prior Order (Doc. 33), Federal Rule of Civil Procedure

45(c)(2)(A) provides that a party may seek "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person [from whom production is sought] resides, is employed, or regularly transacts business in person," and the Court's General Order 18-19 provides the method by which a self-represented party, such as Plaintiff here, requests issuance of a subpoena from the Court.

The form of the subpoenas *duces tecum* provided by Plaintiff is again insufficient. The person from whom production is sought in each of Plaintiff's subpoenas is an entity—such as PayPal, Inc.—and, under Rule 45(c)(2)(A), the place of an entity's compliance with the subpoenas must be within 100 miles of where (1) each entity is headquartered, or (2) its custodian of record resides, is employed, or regularly transacts business in person. *See Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018). For example, in the case of PayPal—an entity headquartered in San Jose, California—the place of compliance with Plaintiff's subpoena must be within 100 miles of San Jose—which Plaintiff's address in Gilbert, Arizona is clearly not—or within 100 miles of the location where PayPal's custodian of record is located (if not San Jose).

For this reason, the Court's General Order 18-19 requires a self-represented party such as Plaintiff to list in the Application for Subpoenas *Duces Tecum* the physical addresses of the parties subject to the subpoenas or the custodians of the documents requested. Without those addresses, no court can determine whether the subpoenas comply with the 100-mile provision of Rule 45(c)(2)(A).

Because Plaintiff's subpoenas are missing the physical addresses required under General Order 18-19, the Court must again deny Plaintiff's Application. The Court also cautions Plaintiff that, once he identifies the proper addresses, the place of compliance with the subpoenas must be within 100 miles of those addresses under Rule 45(c)(2)(A).

/
/
/
/

**IT IS THEREFORE ORDERED** denying Plaintiff's renewed *Ex Parte* Application for Subpoenas *Duces Tecum* for Post Judgment Discovery (Doc. 35) with leave to refile in accordance with this Order, Federal Rule of Civil Procedure 45, and General Order 18-19.

Dated this 1st day of May, 2024.

Honorable John J. Tuchi
United States District Judge